1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN MARTINEZ BALLI, | Case No. 1:21-cv-00645- EPG |
| Plaintiff, | FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF Nos. 1, 17). |
| Defendant. | |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 11).

Plaintiff argues that: (1) "The [mental residual functional capacity (MRFC) assessment] is not supported by substantial evidence," and (2) "The ALJ's rejection of Dr. Lewis' [opinion] is not supported by substantial evidence." (ECF No. 17, p. 2). Having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, the Court finds as follows:

1    **I.**      **ANALYSIS**

2          **A.**      **MRFC**

3                **1.**      **Forfeiture**

4          Before turning to the merits of Plaintiff's first issue—which argues that the ALJ should

5    have further developed the record before determining the MRFC—the Court addresses

6    Defendant's argument that Plaintiff forfeited review of this issue. Specifically, Defendant argues

7    that Plaintiff, who was represented by counsel during the administrative process, should have

8    raised the incompleteness of the record at the hearing or to the Appeals Council. (ECF No. 18, p.

9    5). In support, Defendant mainly relies on *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999),

10   *as amended* (June 22, 1999), in which the Ninth Circuit concluded that, "at least when claimants

11   are represented by counsel, they must raise all issues and evidence at their administrative hearings

12   in order to preserve them on appeal."

13         *Meanel* concerned a claimant's attempt to offer new statistical evidence regarding the

14   availability of jobs for the first time on appeal. *See id.* But as the Ninth Circuit has noted in

15   distinguishing *Meanel*, "[t]his is not a case in which the claimant rests [his] arguments on

16   additional evidence presented for the first time on appeal, thus depriving the Commissioner of an

17   opportunity to weigh and evaluate that evidence." *Silveira v. Apfel*, 204 F.3d 1257, 1260 n. 8 (9th

18   Cir. 2000). Rather, Plaintiff asks the Court to evaluate whether the ALJ satisfied the ALJ's

19   independent duty to develop the record, arguing that there was insufficient record evidence to

20   support the MRFC assessment. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("In

21   Social Security cases the ALJ has a special duty to fully and fairly develop the record and to

22   assure that the claimant's interests are considered. This duty exists even when the claimant is

23   represented by counsel.") (internal citation omitted); *Wilson v. Colvin*, No. 16-CV-01971-WHO,

24   2017 WL 1861839, at *1 n.1 (N.D. Cal. May 9, 2017) (characterizing as "a legal question"

25   whether the ALJ properly formulated the RFC for mental limitations based on the record

26   evidence). The Court thus declines to find that the issue has been forfeited.

27   \\\

28   \\\

2

### 2.      Merits

Plaintiff argues that the ALJ's MRFC assessment is not supported by substantial evidence because the ALJ rejected all the medical opinions as unpersuasive, in part because the medical opinions failed to address relevant record evidence. Plaintiff contends that, in the absence of any professional medical evaluation of the record evidence, the ALJ employed a "lay interpretation" to determine the MRFC. (ECF No. 17, p. 7).

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also* 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(c) (defining an RFC as the "maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs"). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including, *inter alia*, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (internal quotation marks and citations omitted); *see*; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). "Though an ALJ determines a plaintiff's residual functional capacity . . . an ALJ is not allowed to make medical judgments, but only legal judgments based on medical evidence." *Duarte v. Saul*, No. 2:19-CV-01019 AC, 2020 WL 5257597, at *5 (E.D. Cal. Sept. 3, 2020).

In reviewing findings of fact with respect to such determinations, this Court determines whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (internal citation omitted).

As noted above, the ALJ has a duty to develop the record, which duty "is also heightened where the claimant may be mentally ill and thus unable to protect [his] own interests.  Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of

3

1    the evidence, triggers the ALJ's duty to conduct an appropriate inquiry." *Tonapetyan v. Halter*,

2    242 F.3d 1144, 1150 (9th Cir. 2001) (internal quotations and citations omitted). The Ninth Circuit

3    has also explained that "[d]ifferent people may be affected by similar injuries in different ways.

4    Different people have greater or lesser sensitivity to pain. Without a personal medical evaluation

5    it is almost impossible to assess the residual functional capacity of any individual." *Penny v.*

6    *Sullivan*, 2 F.3d 953, 958 (9th Cir. 1993).

7         With these standards in mind, the Court turns to the MRFC assessed by the ALJ:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity to perform a range of work at all
> exertional levels. He can have no interaction with the general public; can have
> occasional interaction with co-workers and supervisors; can perform simple,
> repetitive tasks; can keep attention, concentration, and pace for two-hour intervals;
> and can adjust to changes in the work environment if introduced gradually.

12   (A.R. 27).

13        The ALJ determined this MRFC after reviewing Plaintiff's subjective complaints, medical

14   opinions in the record, and treatment records. As for medical opinions, the ALJ found all to be

15   unpersuasive:

> The prior administrative findings of Preston Davis, Psy.D. and M. Held, M.D. are
> unpersuasive. (Exhibit 3A). Substantial evidence was added to the record at the
> hearing level. That evidence, which is described above, supports a finding that the
> claimant's mental impairments are more intense, persistent, and limiting than was
> assessed by Dr. Davis and Dr. Held.

> The opinion of consultative examiner Mary Lewis, Psy.D. is unpersuasive.
> (Exhibit 7F). The opinion of Dr. Lewis is not reasonably supported by the findings
> of her examination of the claimant. As is indicated above, Dr. Lewis's examination
> did not yield any abnormal findings related to the claimant's mental impairments.
> When explaining her conclusions, Dr. Lewis identified no clinical findings that
> support the limitations she assessed. She expressly based her opinion upon the
> claimant's self-reported limitations and limited access to health care. Additionally,
> Dr. Lewis did not have the benefit of reviewing the claimant's treatment records.
> Moreover, Dr. Lewis did not specifically quantify the claimant's ability to perform
> basic work related activities on a regular and continuing basis (e.g., state the
> frequency with which the claimant can interact with the public, co-workers, or
> supervisors). The opinion of Dr. Lewis is neither supported by nor consistent with
> the evidence of record; therefore, the undersigned finds it to be unpersuasive.

27   (AR 31-32).

1    As the ALJ notes, Davis's and Held's findings were offered before substantial evidence
2    was added to the record at the hearing level and Lewis did not have the benefit of reviewing
3    Plaintiff's treatment records. Having found that substantial evidence was not presented to the
4    medical professionals, the ALJ was not permitted to make a medical judgment concerning the
5    unreviewed evidence in assessing Plaintiff's MRFC. On this point, the record reveals that at least
6    some of this evidence appears to extend beyond that susceptible to lay understanding and includes
7    information about Plaintiff's medication use (A.R. 390-94), instances where Plaintiff harmed
8    himself in response to family issues (A.R. 408), and expressions of anxiety about being around
9    large groups in prison. (A.R. 409). *See Quarles v. Barnhart*, 178 F. Supp. 2d 1089, 1095 n. 8
10   (N.D. Cal. 2001) ("The onset date of physical impairments is generally not of the same gradual
11   and progressive nature as is the case with mental impairments, which often require the assistance
12   of a medical expert.").

13   Because the record lacks medical opinion regarding evidence that the ALJ found material,
14   it appears that the limitations assessed in the MRFC were based on the ALJ's own lay
15   interpretation of such medical evidence. *Shipp v. Colvin*, No. CV 13-9468 JC, 2014 WL 4829035,
16   at *7 (C.D. Cal. Sept. 26, 2014) ("Since, apart from Dr. Kim's Opinions, the record contains no
17   assessment by a treating or examining doctor regarding the effect of plaintiff's physical
18   impairments on her ability to function, it appears that the ALJ's physical residual functional
19   capacity assessment was erroneously based solely on the ALJ's own, lay interpretation of
20   plaintiff's testimony and other raw medical evidence in the record."). Accordingly, the Court
21   finds that the MRFC is not supported by substantial evidence in that there is an insufficient basis
22   to conclude that the limitations accurately reflect the work limitations associated with the mental
23   impairments found by the ALJ.

24   In light of the determination that the MRFC is not supported by substantial evidence, the
25   Court will not address Plaintiff's remaining issue—that the ALJ's decision to reject Dr. Lewis'
26   opinion is unsupported by substantial evidence.

27   **B.    REMEDY**

28   Plaintiff states that benefits should be awarded or, alternatively, that this matter should be

1   remanded for a new hearing. (ECF No. 17, p. 13). Defendant argues that, if this Court does not

2   affirm, it should remand for further proceedings. (ECF No. 18, p. 16).

3       The decision whether to remand for further proceedings or for immediate payment of

4   benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.

5   2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test,

6   with each of the following parts of the test needing to be satisfied to remand for benefits:

7       (1) the record has been fully developed and further administrative proceedings
        would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
8       reasons for rejecting evidence, whether claimant testimony or medical opinion;
        and (3) if the improperly discredited evidence were credited as true, the ALJ
9       would be required to find the claimant disabled on remand.

10  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). However, even if all these parts are met,

11  the Court may still remand when "an evaluation of the record as a whole creates serious doubt

12  that a claimant is, in fact, disabled." *Id.* at 1021. Notably, remand for further proceedings is the

13  "ordinary" requirement whereas a remand for payment of benefits is the rare exception. *See*

14  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

15      Here, the Court concludes that a remand for further proceedings is appropriate. As noted

16  above, the record was not fully developed as to the appropriate MRFC in this case. On remand,

17  the ALJ shall ensure that the record is sufficiently developed so as to support the future MRFC

18  assessment.

19  **II.    CONCLUSION AND ORDER**

20      Accordingly, the decision of the Commissioner of the Social Security Administration is

21  REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall

22  solicit supplemental or additional medical opinions regarding Plaintiff's mental impairments in

23  conjunction with assessing Plaintiff's MRFC and considering any other step of the review process

24  as appropriate.

25      \\\

26      \\\

27      \\\

28

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:   **October 25, 2022**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE